UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MICHELLE TERRY,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, MICHELLE TERRY, by and through her undersigned attorneys and hereby sues Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES ("CARNIVAL"), and alleges:

**JURISDICTION, VENUE, AND PARTIES**

1. Plaintiff, MICHELLE TERRY, is a resident and citizen of the State of Florida.

2. CARNIVAL is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida.

3. CARNIVAL accordingly is a citizen both of Panama and of Florida for jurisdictional purposes.

4. This Court has jurisdiction over this matter pursuant to 28 USC §1333(1) (admiralty) and the contractual language contained in the cruise ticket. Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So.3d 561, 562 (Fla. 3d DCA 2008).

5. At all material times, Defendant CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of

Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, CARNIVAL requires fare paying passengers such as the Plaintiff, to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because CARNIVAL's principal places of business are located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action.

## **GENERAL ALLEGATIONS**

10. At all material times, CARNIVAL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the *Elation*.

11. At all material times, including the injury date of June 5, 2023, Plaintiff was a fare paying passenger aboard the *Elation* (the "subject vessel") and in that capacity was lawfully present aboard the vessel.

12. On, or about, June 5, 2023, Plaintiff was on Deck 11, in the designated smoking area, onboard the vessel (herein the "subject area").

13. At the time of the incident, On, or about, June 5, 2023, Plaintiff was seated in the subject area and conversing with other passengers.

14. Immediately behind where Plaintiff was seated, and unknown to Plaintiff, Carnival Crewmembers were opening and unpacking new tables and chairs.

15. The tables and chairs were wrapped in a plastic and/or "saran wrap-like" material and stacked on dollies and/or carts.

16. Suddenly, and without warning to Plaintiff or other passengers seated in the subject area, one of the Carnival Crewmembers opened and/or sliced the plastic material holding together a large stack of tables and/or chairs (herein the "unpacking process") causing the stack to fall and slam into Plaintiff.

17. The falling stack's full force and weight struck Plaintiff including multiple areas of her body including, but not limited to, her head, neck, shoulder, arms, and back.

18. Due to the forceful impact to her head, Plaintiff was knocked unconscious. Upon awakening, she immediately started dry heaving and vomited, a clear sign of head trauma and injury.

19. As a result of this incident, Plaintiff suffered a traumatic brain injury and other injuries.

20. Carnival crewmembers never alerted Plaintiff or placed any warning cones, tape or otherwise blocked off the area during the unpacking process.

21. CARNIVAL is vicariously liable for the negligent acts of the Defendant's employees and as such "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021). See also *McLean v. Carnival*; Case No.: 22-CV-23187-Scola, Ecf. No. 26; (dated January 24, 2023).

## COUNT I –VICARIOUS LIABILITY
## FOR THE ACTIVE NEGLIGENCE OF DEFENDANT'S EMPLOYEES

Plaintiff re-alleges all allegations pled in paragraphs 1 through 21 above as if alleged fully herein.

22. On, or about, June 5, 2023, Plaintiff while aboard the *Carnival Elation* was seated on Deck 11. Plaintiff sustained severe injuries when Carnival Crewmember(s), tasked with opening and unpacking new tables and chairs to be used within the subject area, and who will be identified in discovery, and known to Defendant, attempted to open a plastic wrapping on a stack of the aforementioned equipment. Suddenly, the stack of chairs and/or tables fell and crashed into Plaintiff. As a result, Plaintiff sustained serious, debilitating, and permanent injuries.

23. At all material times, including the injury date of June 5, 2023, the subject vessel were owned, operated, and controlled by CARNIVAL.

24. At all times material hereto Defendant's crewmembers owed a duty to Plaintiff and other similarly situated passengers to exercise reasonable care under the circumstances.

25. In this claim of vicarious liability against Defendant for the active negligence of crewmembers assigned to the unpacking process (herein "subject crewmembers"), notice to CARNIVAL is not required.

26. Defendant's subject crewmember(s) negligently opened and unpacked the equipment, including tables and chairs, while Plaintiff was seated in the subject area. Specifically, by improperly and recklessly opening and unpacking the equipment, including tables and chairs, while in close proximity to Plaintiff in an unreasonably dangerous manner, which caused injury to Plaintiff.

27. Defendant's crewmembers did not take sufficient precaution to protect passengers by safely opening and unpacking the equipment, including tables and chairs, behind Plaintiff, and/or alternatively requiring Plaintiff to leave the area and/or closing the area during the unpacking process; thereby, actively creating the unreasonably dangerous condition that

      directly contributed to Plaintiff's injury incident.

28. Defendant's crewmember(s) breached the duty of care to Plaintiff and Defendant is therefore vicariously liable for the active negligence of its employee for:

    a. Failing to exercise reasonable care under the circumstances;

    b. Failing to safely, and with reasonable care, open and unpack the equipment, including the tables and chairs, near passengers including Plaintiff;

    c. Failing to instruct passengers, including Plaintiff, of the unpacking process occurring in the area;

    d. Failing to close and/or rope off the subject area during the unpacking process;

    e. Failing to conduct the unpacking procedure during hours when the subject area is unavailable to passengers and/or less likely to be frequented;

    f. Failing to warn passengers including Plaintiff of the unpacking process occurring the area; and/or

    g. Failing to act reasonably in a manner that would keep Plaintiff safe.

29. As a direct and proximate result of the active negligence of Defendant's crewmember(s) for which Defendant is vicariously liable, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered

as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest. Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests an advisory jury under Federal Rule of Civil Procedure 39, as well as any further relief as this Court deems just and appropriate.

## COUNT II – DIRECT NEGLIGENCE
## FOR NEGLIGENT MAINTENANCE

Plaintiff re-alleges all allegations pled in paragraphs 1 through 21 above as if alleged fully herein.

30. At all material times, including the injury date of June 5, 2023, the subject vessel was owned, operated, and controlled by CARNIVAL.

31. At all material times, CARNIVAL owed Plaintiff, as a fare-paying passenger lawfully onboard a passenger vessel it operated, a duty of reasonable care under the circumstances, including the duty to take reasonable steps to maintain the subject area where Plaintiff was injured in a reasonably safe condition.

32. Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to maintain and equip the subject area in a reasonably safe condition;

   b. Failure to equip and unload new and/or replacement furniture within the subject area outside the presence of passengers such as Plaintiff;

   c. Failure to provide sufficient crew members to conduct the job of equipping and unloading the necessary new and/or replacement furniture within the subject area;

    d. Failure to adequately and regularly inspect the subject area to determine whether sufficient crew was provided to perform the unpacking process while passengers were using the area, during regular and foreseeably occupied hours of use, and for the purposes defined by CARNIVAL;

    e. Failure to adequately and regularly monitor the subject area to ensure the unpacking process was not unreasonably dangerous and/or hazardous; and/or

    f. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area was adequately and regularly manned, and the performance of was reasonably inspected and monitored, to minimize the risk of dangerous conditions during the unpacking process.

33. At all material times, CARNIVAL knew or should, in the exercise of reasonable care, have known of the dangerous manner in which the unpacking process as referenced above, was being performed.

34. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar area(s), prior instances of receiving, unpacking and equipping new furniture and materials in a known passenger designated area, through industry standards regarding such methods, the recurring nature of the vessel furniture replacement, acquisition and placement, and the length of time CARNIVAL has replaced and restocked furniture on its cruise vessels overtime, so as to have experience in performing the task without creating additional risk of harm to its passengers.

35. Alternatively, CARNIVAL should promulgate, provide, and enforce better policies and procedures designed to perform these restocking tasks outside times when passengers are

known or reasonably expected to use areas within or near which such work is being performed.

36. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous performance of the subject task in the a where Plaintiff was injured, CARNIVAL failed before the time of the Plaintiff's injury to take reasonable measures to provide adequate crew in the subject area to perform the task of the unpacking process in a reasonably safe manner by correcting its dangerous condition and/or by closing the subject area during the opening and unpacking process, of new equipment such as stacks of chairs and tables.

37. CARNIVAL failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

38. Defendant is vicariously for the negligent acts of the Defendant's employees and as such "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021). See also *McLean v. Carnival*; Case No.: 22-CV-23187-Scola, Ecf. No. 26; (dated January 24, 2023).

39. At all material times the dangerous condition of the subject area referenced above was neither known, open nor obvious to the Plaintiff.

40. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff sustained and will continue in the future to sustain the damages alleged above.

41. As a direct and proximate result of the fall described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the

future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest. Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests an advisory jury under Federal Rule of Civil Procedure 39, as well as any further relief as this Court deems just and appropriate.

## **COUNT III – DIRECT NEGLIGENCE**
## **NEGLIGENT FAILURE TO WARN**

Plaintiff re-alleges all allegations pled in paragraphs 1 through 21 above as if alleged fully herein.

42. At all material times, including the injury date of June 5, 2023, the subject vessel was owned, operated, and controlled by CARNIVAL.

43. At all material times, CARNIVAL owed Plaintiff, as a fare-paying passenger lawfully onboard the subject vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers, such as Plaintiff.

44. Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failing to adequately warn Plaintiff, and other passengers similarly situated, of the risks

   created by the performance of these hazardous tasks, as alleged, in the subject area, including the furniture unpacking process;

 b. Failure to warn the Plaintiff of the unreasonably dangerous tasks being performed in the subject area;

 c. Failure to warn the Plaintiff that the subject area was undergoing furniture replacement;

 d. Failure to warn the Plaintiff that the Carnival Crewmembers were not trained in proper unpacking procedures;

 e. Failure to the warn plaintiff and other passengers that the subject designated smoking area was going to be undergoing furniture replacement, including unstacking of cumulatively large and heavy objects, while passengers were permitted within the subject area;

 f. Failure to provide Plaintiff and other with, and advise passengers including Plaintiff, of an alternative designated smoking area during the. foreseeably known and dangerous furniture unpacking process in the subject area;

 g. Failure to warn the Plaintiff of the risks and/or dangers associated with the known scheduled and unreasonably dangerous unpacking process within the subject area;

45. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition created by the unpacking process as referenced above.

46. CARNIVAL's actual or constructive knowledge was derived from prior use of the same or substantially similar area(s), prior instances of receiving, unpacking and equipping new furniture and materials in a known passenger designated area, through industry standards regarding such methods, the recurring nature of the vessel furniture replacement, acquisition and placement, and the length of time CARNIVAL has replaced and restocked

furniture on its cruise vessels overtime, so as to have experience in performing the task without creating additional risk of harm to its passengers.

47. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous performance of the subject task in the a where Plaintiff was injured, CARNIVAL failed before the time of the Plaintiff's injury to take reasonable measures to provide adequate crew in the subject area to perform the task of the unpacking process in a reasonably safe manner by correcting its dangerous condition and/or by closing the subject area during the opening and unpacking process, of new equipment such as stacks of chairs and tables.

48. CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

49. Defendant is vicariously liable for the negligent acts of the Defendant's employees and as such "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021). See also *McLean v. Carnival*; Case No.: 22-CV-23187-Scola, Ecf. No. 26; (dated January 24, 2023).

50. At all material times the dangerous condition of the subject area referenced above was neither known, open nor obvious to the Plaintiff.

51. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff sustained and will continue in the future to sustain the damages alleged above.

52. As a direct and proximate result of the fall described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the

future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest. Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests an advisory jury under Federal Rule of Civil Procedure 39, as well as any further relief as this Court deems just and appropriate.

## COUNT IV – DIRECT NEGLIGENCE FOR GENERAL NEGLIGENCE

Plaintiff re-alleges all allegations pled in paragraphs 1 through 21 above as if alleged fully herein.

53. At all material times, including the injury date of June 5, 2023, the subject vessel was owned, operated, and controlled by CARNIVAL.

54. At all material times, CARNIVAL owed the Plaintiff, as a fare-paying passenger lawfully onboard the subject vessel it operated, a duty of reasonable care.

55. Defendant and/or its agents, servants and/or employees breached its duty of reasonable care under the circumstances to Plaintiff through the following acts and/or omissions:

    a. Failure to provide a reasonably safe area for Plaintiff free of dangers, including the unreasonably dangerous and/or hazardous process of unpacking new stacks of furniture

    in an area where passengers were expected to be gathering;

b. Failure to promulgate and/or enforce adequate policies and procedures to unpack stacks of furniture in a designated passenger area outside of normal and anticipated hours of operation for safety of passengers using the subject area;

c. Failure to promulgate and or enforce adequate policies and procedures designed to warm passengers, including Plaintiff of the dangerous process of unstacking and replacing new and worn furniture in the subject area and by otherwise failing to restrict use of the area during this process;

d. Failure to adequately train crewmembers in the proper method of opening and unpacking new equipment such as stacks of chairs and tables;

e. Failure to provide sufficient and adequate number of crew members in order to perform the task of unpacking furniture including stacks of chairs in an area designated for and anticipated to have passenger use of subject area;

f. Failure to adequately train crewmembers in the proper method of warning and utilizing warning signs while opening and unpacking new equipment such as stacks of chairs and tables in designated passenger areas;

g. Failure to analyze prior accidents aboard Defendant's vessels occurring in the same manner and/or so as to remedy such hazardous conditions including those presenting unreasonably hazardous manners of operation, such as unloading and unpacking stacks of furniture in areas being utilized by passengers during the unpacking process;

h. Failure to promulgate and/or enforce adequate policies and/or procedures regarding the opening and unpacking of new equipment, such as stacks of chairs and tables to ensure it was not being performed in a dangerous or hazardous manner;

  i. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident Plaintiff suffered from happening;

  j. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by Plaintiff;

  k. Knowing from previous similar incidents of the likelihood of such an accident, yet failing to take steps to correct the conditions causing the accident.

56. At all material times, CARNIVAL knew or should in the exercise of reasonable care have known of the dangerous condition of the ramp as referenced above.

57. CARNIVAL's actual or constructive knowledge was derived from prior instances of receiving, unpacking and equipping new furniture and materials in a known and designated areas, industry standards regarding such methods, the recurring nature of the ships furniture replacement, acquisition and placement, and the length of time CARNIVAL has replaced and restocked worn furniture on its many cruise vessels over the years, so as to have experience in performing the task without creating additional risk of harm to its passengers.

58. Notwithstanding CARNIVAL's actual or constructive knowledge of the dangerous condition of the subject area where Plaintiff was injured, CARNIVAL failed before the time of the Plaintiff's injury to take reasonable measures to perform the subject task, including the unpacking process, in a reasonably safe manner by controlling and monitoring its performance and manner and/or by closing the subject area during the opening and unpacking of new equipment such as large and heavy stacks of chairs and tables.

59. CARNIVAL thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

60. Defendant is vicariously for the negligent acts of the Defendant's employees and as such "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021). See also *McLean v. Carnival*; Case No.: 22-CV-23187-Scola, Ecf. No. 26; (dated January 24, 2023).

61. At all material times the dangerous condition of the subject area referenced above was neither known, open nor obvious to the Plaintiff.

62. As a direct and proximate result of CARNIVAL's negligence as described above the Plaintiff sustained and will continue in the future to sustain the damages alleged above.

63. As a direct and proximate result of the fall described above, Plaintiff was injured in and about her body and extremities. She suffered pain therefrom, mental anguish, disfigurement, and the inability to lead a normal life. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries, the future medical and health care expenses being reasonably certain to occur. She also sustained aggravation or acceleration of preexisting conditions. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

WHEREFORE, the Plaintiff demands judgment against CARNIVAL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest. Plaintiff demands judgment for all damages recoverable under the law against Defendant

and requests an advisory jury under Federal Rule of Civil Procedure 39, as well as any further relief as this Court deems just and appropriate.

### DEMAND FOR ADVISORY JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable of right. This matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract and, because there is no diversity among the parties, it is brought under the admiralty and maritime jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h). Plaintiff requests an advisory jury trial pursuant to the remedies saved under the Saving to Suitors Clause of 28 U.S.C. §1333. See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 454-55 (2001) ("Trial by jury is an obvious... example of the remedies available to suitors."); see also Suzuki of Orange Park, Inc. v. Shubert, 86 F.3d 1060, 1063 (11th Cir. 1996). It is within the discretion of the court to allow for an advisory jury in an admiralty or maritime claim.

Submitted this 30th of May 2024.

By: /s/Glenn J. Holzberg
GLENN J. HOLZBERG
Florida Bar No.: 369551

GLENN J. HOLZBERG
Florida Bar No.: 369551
LOUIS M. HOLZBERG
Florida Bar No.: 1011340
HOLZBERG LEGAL
Counsel for Plaintiff
7685 SW 104th Street
Suite 220
Miami, Florida 33156
Telephone: (305) 668-6410
Facsimile: (305) 667-6161