UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

CASE NO. 1:23-CV-22067-RKA

MICHELLE TERRY,

        Plaintiff,

v.

CARNIVAL CORPORATION,

        Defendant.

_____/

## DEFENDANT, CARNIVAL CORPORATION'S NOTICE OF SERVICE OF ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby

serves its Answers to Plaintiff's Initial Interrogatories.

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, a copy of the foregoing was served via e-mail

to the recipients listed on the Service List below.

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
Ashley N. Genoese
Florida Bar No. 1019357
*Michael.Drahos@Gray-Robinson.com*
*Cooper.Jarnagin@Gray-Robinson.com*
*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

**SERVICE LIST**
**CASE NO. 1:23-CV-22067-RKA**

Glenn J. Holzberg, Esq.
Louis M. Holzberg, Esq.
Holzberg Legal
Offices at Pinecrest II, Suite 220
7685 S.W. 104th Street
Miami, Florida 33156
Tel: (305) 668-6410
Fax: (305) 667-6161
*glenn@holzberglegal.com*
*erika@holzberglegal.com*
*louis@holzberglegal.com*

*Attorneys for Plaintiff*

## I.      <u>PRELIMINARY STATEMENT</u>

The party on whose behalf these Responses are given has not yet completed its investigation of the facts relating to this incident, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. Consequently, the following Responses are given without prejudice to the responding party's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be relevant.

Except for facts exclusively admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request herein has been answered should not be taken as an admission or concession of the existence of any fact as set forth or assumed. All responses are given on the basis of present recollection.

<u>**DEFENDANT'S ANSWERS TO PLAINTIFF'S INITIAL INTERROGATORIES**</u>

1.      State the name, address, name of employer, and telephone number of all individuals answering or assisting in answering these interrogatories.

**ANSWER:     Monica Borcegue, Guest Claims Manager, Carnival Corporation, 3655 NW 87th Avenue Miami, Florida 33178, with the assistance of counsel.**

2.      Describe in detail all SMS/HESS and/or rules, regulations, policies, and/or procedures in effect at the time of the incident regarding:

a.  The unpacking and setting up of furniture.

**ANSWER:        Objection. Defendant objects to this request as overbroad in time and scope with no temporal limitation, vague and ambiguous as to "unpacking and setting up of furniture," seeks materials that are factually dissimilar to any of Plaintiff's claims or defenses, is not properly limited to any relevant location, vessel, or condition, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at \*2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s*ee also Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Glatter v MSC Cruises*, 2019 WL 1300896 (S.D. Fla. 2019); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957); *see Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).**

**Further Defendant objects to this request not being relevant to the parties' claims and defenses, given this Court's dismissal with prejudice, of Plaintiff's claim for Negligent Policies and Procedures. *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)).**

b.  The safety measures and warnings that crewmembers are required to follow during the moving, re-locating, placing, unpacking and setting up of furniture on your ships.

**ANSWER:        Objection. Defendant objects to this request as overbroad in time and scope with no temporal limitation, vague and ambiguous as to "safety measures" and "furniture," seeks materials that are factually dissimilar to any of**

Plaintiff's claims or defenses, is not properly limited to any relevant location, vessel, or condition, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* **Fed. R. Civ. P. 26(b)(1).** *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at *2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s*ee also Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Glatter v MSC Cruises*, 2019 WL 1300896 (S.D. Fla. 2019); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957); *see Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at *9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).

Further Defendant objects to this request not being relevant to the parties' claims and defenses, given this Court's dismissal with prejudice, of Plaintiff's claim for Negligent Policies and Procedures. *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)).

c.  The training provided to crewmembers concerning moving, re-locating, placing, unpacking and setting up of furniture on your ships.

**ANSWER:**      **Objection. Defendant objects to this request as overbroad in time and scope with no temporal limitation, vague and ambiguous as to "training" and "furniture," seeks materials that are factually dissimilar to any of Plaintiff's claims or defenses, is not properly limited to any relevant location, vessel, or condition, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *See Romero v. Fla. Light & Power Co.*, No. 609CV1401ORL35GJK, 2010 WL 11507529, at *7 (M.D. Fla. June 8, 2010) (agreeing that a discovery request for "training" is ambiguous because it could be read to include irrelevant training, "which obviously [is] far outside the scope of this action."); *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at *2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s*ee also Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Glatter v MSC Cruises*, 2019 WL 1300896 (S.D. Fla. 2019); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957); *Steele v. Tynda Holdings, LLC*, No. 618CV1315ORL41LRH, 2019 WL 13247295, at *4 (M.D. Fla. Apr. 17, 2019) (finding a request for safety manuals and/or training manuals is overly broad**

because it contains no time limitations); *see Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).

Further Defendant objects to this request not being relevant to the parties' claims and defenses, given this Court's dismissal with prejudice, of Plaintiff's claims for Negligent Policies and Procedures and Negligent Training. *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)).

d.  The safety equipment, aids, or other resources provided to crewmembers moving, re-locating, placing, unpacking and setting up furniture on your ships.

**ANSWER:**       Objection. Defendant objects to this request as overbroad in time and scope with no temporal limitation, vague and ambiguous as to "resources" and "furniture," seeks materials that are factually dissimilar to any of Plaintiff's claims or defenses, is not properly limited to any relevant location, vessel, or condition, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at \*2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s*ee also Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *Glatter v MSC Cruises*, 2019 WL 1300896 (S.D. Fla. 2019); *Konczakowski v. Paramount Pictures, Inc.,* 20 F.R.D. 588 (S.D.N.Y. 1957); *see Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).

Further Defendant objects to this request not being relevant to the parties' claims and defenses, given this Court's dismissal with prejudice, of Plaintiff's claim for Negligent Policies and Procedures. *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)).

e.  Any risk assessments or evaluations conducted regarding moving, re-locating, placing, unpacking and setting up of furniture on your ships.

**ANSWER:** **Objection. Defendant objects to this request as overbroad in time and scope with no temporal limitation, vague and ambiguous as to "evaluations" and "furniture," seeks materials that are factually dissimilar to any of Plaintiff's claims or defenses, is not properly limited to any relevant location, vessel, or condition, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).** *Azzia v. Royal Caribbean Cruises Ltd.***, No. 15-24776-CV, 2018 WL 11234170, at \*2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s***ee also Ree v. Royal Caribbean Cruises, Ltd.***, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable.");** *Glatter v MSC Cruises***, 2019 WL 1300896 (S.D. Fla. 2019);** *Konczakowski v. Paramount Pictures, Inc.,* **20 F.R.D. 588 (S.D.N.Y. 1957);** *see Nat'l Staffing Sols., Inc. v. Sanchez***, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).**

**Further Defendant objects to this request not being relevant to the parties' claims and defenses, given this Court's dismissal with prejudice, of Plaintiff's claim for Negligent Policies and Procedures.** *Drone Nerds Franchising, LLC v. Childress***, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing** *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.***, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: None.**

3.      List each "substantially similar incident" (as defined) that occurred on the subject vessel within the five (5) years before and one (1) year after the date of the incident. For each incident, provide the date, location, a description of the facts and circumstances, the name and address of the person making the complaint, any remedial actions taken, and how this information is stored and maintained by the Defendant.

**ANSWER:** **Objection. Defendant objects to the definition of "substantially similar incident" meaning "any incidents involving injuries to passengers caused by a crewmember moving, re-locating, placing, unpacking and setting up of furniture (deck furniture or otherwise) on your ships, on the subject vessel or any other fleet vessel, occurring within the five (5) year period prior to and one (1) year following the date of the incident." The definition itself directly contradicts being "substantially similar" by not being appropriately narrowed to the same type of furniture, same vessel, same location, same hazard, or otherwise, and thus is in violation of Fed. R. Civ. P. 26(b)(1) as having no relevance to Plaintiff's claims in this matter, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *Azzia v. Royal Caribbean Cruises Ltd.***, No. 15-24776-**

CV, 2018 WL 11234170, at \*2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s*ee also Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable.").

Defendant further objects as the request is overbroad in time and scope, seeks materials that are factually dissimilar to any of Plaintiff's claims or defenses, is not properly limited to any relevant location, vessel, or condition, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).

Defendant objects to providing the personal contact information and medical history of individuals as a violation of state and federal privacy laws, including HIPAA, without the consent of the individuals.

Defendant further objects to this request to the extent it potentially seeks information protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.

Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: As to any "incidents involving injuries to passengers caused by a crewmember moving, re-locating, placing, unpacking and setting up of furniture (deck furniture or otherwise)" on the subject vessel within the five (5) year period before Plaintiff's alleged incident, none.

4.      List each "substantially similar incident" (as defined) that occurred on other fleet vessels within the five (5) years before and one (1) year after the date of the incident. For each incident, provide the date, location, a description of the facts and circumstances, the name and address of the person making the complaint, and how this information is stored and maintained by the Defendant.

ANSWER:    Objection. Defendant objects to the definition of "substantially similar incident" meaning "any incidents involving injuries to passengers caused by a crewmember moving, re-locating, placing, unpacking and setting up of furniture

(deck furniture or otherwise) on your ships, on the subject vessel or any other fleet vessel, occurring within the five (5) year period prior to and one (1) year following the date of the incident." The definition itself directly contradicts being "substantially similar" by not being appropriately narrowed to the same type of furniture, same vessel, same location, same hazard, or otherwise, and thus is in violation of Fed. R. Civ. P. 26(b)(1) as having no relevance to Plaintiff's claims in this matter, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at \*2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s*ee also Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable.").

Defendant further objects as the request is overbroad in time and scope, seeks materials that are factually dissimilar to any of Plaintiff's claims or defenses, is not properly limited to any relevant location, vessel, or condition, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).

Defendant objects to providing the personal contact information and disclosing information of individuals as a violation of state and federal privacy laws, including HIPAA, without the consent of the individuals.

Defendant further objects to this request to the extent it potentially seeks information protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.

5.      At the time of the incident, was the Defendant aware of other substantially similar incidents involving passenger injuries during an "unpacking process"? If so, describe the corrective actions taken to prevent future incidents and any warnings provided to passengers after the Defendant became aware of such incidents.

**ANSWER:     Objection. Defendant objects to the definition of "unpacking process" meaning "a crewmember(s) moving, re-locating, placing, unpacking and setting up of**

furniture (deck furniture or otherwise) as alleged in the operative complaint filed in this action." The definition is not being appropriately narrowed to the same type of furniture, same vessel, same location, same hazard, or otherwise, and thus is in violation of Fed. R. Civ. P. 26(b)(1) as having no relevance to Plaintiff's claims in this matter, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at *2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s*ee also Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable.").

Defendant further objects as the request is overbroad in time and scope, seeks materials that are factually dissimilar to any of Plaintiff's claims or defenses, is not properly limited to any relevant location, vessel, or condition, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 07-22326-CIV, 2008 WL 11333258, at *3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).

Defendant further objects to this request to the extent it potentially seeks information protected by attorney-client privilege and work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The request is too overbroad for Defendant to prepare a Privilege Log.

6.      Were any warnings or announcements (verbal, written, or otherwise) made to passengers in the subject area prior to, during, or after the process of unpacking and setting up the furniture (the unpacking process) which struck Plaintiff? If so, describe the nature and content of these warnings or announcements.

ANSWER:   Objection. Defendant objects as the request is overbroad in time and scope, seeks materials that are factually dissimilar to any of Plaintiff's claims or defenses, is not properly limited to any relevant location, vessel, or condition, is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). *Drone Nerds Franchising, LLC v. Childress*, No. 19-CV-61153, 2021 WL 7543800, at *3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case."); (citing *Jeld-Wen, Inc. v. Nebula Glasslam Int'l,*

*Inc.*, 07-22326-CIV, 2008 WL 11333258, at \*3 (S.D. Fla. Mar. 3, 2008)); *see Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) **(finding that defendant meets its obligation in objecting to a discovery request when it shows the requested discovery has no possible bearing on the claims or defenses raised in the case).**

7.      List the names, addresses, employers, and telephone numbers of all persons who are believed or known by you, your agents, or attorneys to have any knowledge concerning the issues raised in the pleadings. This includes the names, addresses, and contact information of all crewmembers involved in the unpacking process of the tables and chairs on or about June 5, 2023.

**ANSWER:    Objection. Defendant objects to providing the personal home addresses, of the Ship's Medical Staff and crew members identified below as an unwarranted invasion of privacy. Without waiving the foregoing objections, to the best of Defendant's knowledge at this time, the following individuals may have knowledge with regard to Plaintiff's alleged accident and/or damages:**

**Michelle Terry, Plaintiff**

**The Plaintiff has knowledge regarding (a) the circumstances surrounding the alleged incident; (b) the alleged damages; and (c) medical treatment received before and after the alleged incident.**

**Loreal Terry, Plaintiff's daughter and traveling companion**

**Ms. Terry may have knowledge regarding the alleged damages.**

**Thomas Terry, Plaintiff's husband**

**Mr. Terry may have knowledge regarding the alleged damages and medical treatment received before and after the alleged incident.**

**Ganizani Mlawanda, MD, Ship Physician**
**Currently not onboard a Carnival vessel. Home country is South Africa.\***
**c/o GrayRobinson, P.A.**

**Dr. Mlawanda may have knowledge regarding the medical care to Plaintiff on board the subject cruise.**

**Meghan Jayde Hutchinson, RN, Ship Nurse**
**Currently onboard Carnival *Valor*, no scheduled sign off date.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Nurse Hutchinson may have knowledge regarding the medical care to Plaintiff on board the subject cruise.**

**Jacob Kgomostso Ramela, RN, Ship Nurse**
**Currently onboard Carnival *Glory*, scheduled to sign off on 11/29/24.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Nurse Ramela may have knowledge regarding the medical care to Plaintiff on board the subject cruise.**

**David Budi Raharjo, Hotel Steward**
**Currently onboard Carnival *Firenze*, scheduled to sign off on 2/22/25.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Mr. Raharjo was present in the area at the time of the alleged incident, and may have knowledge regarding the alleged incident.**

**Venkatesan Ranagappa, Hotel Steward**
**Currently onboard Carnival *Horizon*, scheduled to sign off on 9/7/24.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Mr. Raharjo was present in the area at the time of the alleged incident, and may have knowledge regarding the alleged incident.**

**Renjith Ravikumar, Management Trainee Housekeeping**
**Currently not onboard a Carnival vessel. Home country is India.***
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Mr. Ravikumar was notified of the claimed incident onboard and may have knowledge regarding the circumstances.**

**Romena Alcantara, Asst. Management Housekeeping**
**Currently not onboard a Carnival vessel. Home country is Philippines.***
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Ms. Alcantara was notified of the claimed incident onboard and may have knowledge regarding the circumstances.**

**Mark Harold Orje, Security Officer**
**Currently onboard Carnival *Valor*, scheduled to sign off on 10/10/24.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Officer Orje investigated the claimed incident onboard and may have knowledge regarding the circumstances.**

**Jakelyn Salvador, Asst. Chief Security Officer**
**Currently onboard Carnival *Sunshine*, scheduled to sign off on 2/24/25.**
**c/o Carnival Corporation**
**3655 NW 87th Avenue**
**Miami, FL 33178**

**Officer Salvador investigated of the claimed incident onboard and may have knowledge regarding the circumstances.**

**\* Crewmember locations and ship assignments are subject to change and will be updated through the course of discovery.**

**Defendant objects to providing personal contact information for its crewmembers. Their depositions may be scheduled at a mutually convenient date and time.**

**Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

8.       List the names, addresses, employers (if known) and telephone numbers of all persons known to you or to anyone acting on your behalf who saw, heard or investigated, or claims to have seen or heard, any of the events or happenings that occurred immediately before, at the time of, or after the incident described in the complaint (for passenger witnesses, please provide all known contact information, full name, address, phone number, email address provided to Defendant prior to the passenger boarding your vessel), including whether and from whom you obtained written statements and the nature of the statement.

**ANSWER:**     **See Defendant's Answer to Interrogatory No. 7, above.**

9.       If you assert any defense based on the conduct of Plaintiff, state: what acts or omissions are the basis thereof; the name, address and place of employment, job title or capacity, and present whereabouts of each person having knowledge or claiming to have knowledge of such conduct on the part of the Plaintiff; and what Defendant did to warn or otherwise advise Plaintiff of the harm that her conduct or misuse may cause.

**ANSWER:** **Objection. Defendant objects as the request as vague and ambiguous as to "what Defendant did to warn or otherwise advise Plaintiff of the harm that her conduct or misuse may cause." Defendant further objects to providing personal contact information and disclosing information of individuals as a violation of state and federal privacy laws, including HIPAA, without the consent of the individuals.**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Upon information and belief, Plaintiff may be liable in whole or part for her damages for failing to be alert and aware of her surroundings, failing to properly mitigate her own damages, failing to abide by the shipboard medical staffs' instructions, failing to treat and/or use reasonable care given her pre-existing conditions, exacerbating her own damages by failing to abide by instructions of doctors and nurses. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

10.     State whether Defendant conducted any investigations into the allegations made by Plaintiff and, if so, what investigations were conducted, the date of such investigations, by whom, and what reports were generated as a result of the investigations, the present custodian(s) of those reports, and if you are claiming a privilege to producing any of those reports, please comply with the Rules of Civil Procedure and provide the information required in a detailed privilege log.

**ANSWER:** **Defendant conducted an investigation into the allegations made by Plaintiff during the subject cruise, shortly after the incident was reported. Defendant objects to this interrogatory to the extent it seeks information and materials protected by attorney-client privilege and work product doctrine.** *See Berry v. Haynes*, **41. F.R.D. 243, 244 (S.D. Fla. 1966);** *Wood v. Todd Shipyards*, **45 F.R.D. 363, 264 (S.D. Tex. 1968);** *Hickman v. Taylor*, **329 U.S. 495, 507 (1947);** *Bridgewater v. Carnival Corp.*, **286 F.R.D. 636, 643 (S.D. Fla. 2011) (finding that the cruise line demonstrates that the primary purpose behind the accident report was to aid Carnival in possible future litigation.);** *Lobegeiger v. Royal Caribbean Cruises Ltd.*, **2012 WL 760857, at \*1 (S.D. Mar. 7, 2012) ("…the accident report was created in anticipation of litigation and is, therefore, protected by the work product doctrine.");** *Fojtasek v. NCL (Bahamas) Ltd.*, **262 F.R.D. 650 (S.D. Fla. 2009) ("accident records and reports… are work product prepared in anticipation of litigation.");** *Hayden v. NCL (Bahamas) Ltd.*, **No. 07-23298-KING (S.D. Fla. Aug. 15, 2008). See Defendant's Privilege Log.**

11.     Identify by date and subject matter all photographs, video tapes, drawings, diagrams, or other items that document the scene of the incident, and the subject deck furniture involved in the unpacking process, and/or the Plaintiff's injuries, and state the name, address, and telephone number of the current custodian(s) of these items.

**ANSWER:** **Objection. Defendant objects to this request as it is overbroad in time and scope, vague and ambiguous as to "other items that document the scene of the incident," is not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence.** *See* **Fed. R. Civ. P. 26(b)(1).**

**Defendant further objects to this interrogatory to the extent it seeks information and materials protected by attorney-client privilege and work product doctrine.** *See Berry v. Haynes*, **41. F.R.D. 243, 244 (S.D. Fla. 1966);** *Wood v. Todd Shipyards*, **45 F.R.D. 363, 264 (S.D. Tex. 1968);** *Hickman v. Taylor*, **329 U.S. 495, 507 (1947);** *Bridgewater v. Carnival Corp.*, **286 F.R.D. 636, 643 (S.D. Fla. 2011) (finding that the cruise line demonstrates that the primary purpose behind the accident report was to aid Carnival in possible future litigation.);** *Lobegeiger v. Royal Caribbean Cruises Ltd.*, **2012 WL 760857, at \*1 (S.D. Mar. 7, 2012) ("…the accident report was created in anticipation of litigation and is, therefore, protected by the work product doctrine.");** *Fojtasek v. NCL (Bahamas) Ltd.*, **262 F.R.D. 650 (S.D. Fla. 2009) ("accident records and reports… are work product prepared in anticipation of litigation.");** *Hayden v. NCL (Bahamas) Ltd.*, **No. 07-23298-KING (S.D. Fla. Aug. 15, 2008).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: Defendant is in possession of ten (10) photographs depicting the scene of the subject incident, the cart used to transport the chairs, and the subject deck chairs, taken on or about June 5, 2023 by Carnival security officers. See also, Defendant's Privilege Log.**

12.    Describe the measures taken to control access to the area where the subject deck furniture were stored and unpacked. Specifically:

a.    Were there any warning signs, caution signs, or cones in place where the subject deck furniture was stored or placed before unpacking, and was the area in which the deck furniture was unpacked blocked off or marked off from passenger access? If so, provide details (including any photos or images) about how it was blocked or marked off, including any physical barriers, signs, or other indications used.

**ANSWER:        Objection. Defendant objects to this interrogatory as overbroad in time and scope, with no temporal limitation, vague and ambiguous as to "stored or placed before unpacking" and "area," seeks information and materials that involves circumstances, conditions, and locations factually dissimilar to any of Plaintiff's claims, thus is disproportional to the needs of the case, irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant or admissible evidence.** *Drone Nerds Franchising, LLC v. Childress*, **No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case.");** *Azzia v. Royal Caribbean Cruises Ltd.*, **No. 15-24776-CV, 2018 WL 11234170, at \*2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar.");** s*ee also Ree v. Royal Caribbean Cruises, Ltd.*, **315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable.").**

b. Was there a requirement or policy in effect at the time of the incident that required such areas to be restricted from passenger use or traffic or to be clearly marked and restricted? If so, describe the specific requirements or policies and how they were implemented.

**ANSWER:** **Objection. Defendant objects to this interrogatory as overbroad in time and scope, with no temporal limitation, vague and ambiguous as to "stored or placed before unpacking" and "area," seeks information and materials that involves circumstances, conditions, and locations factually dissimilar to any of Plaintiff's claims, thus is disproportional to the needs of the case, irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant or admissible evidence.** ***Drone Nerds Franchising, LLC v. Childress*****, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case.");** ***Azzia v. Royal Caribbean Cruises Ltd.*****, No. 15-24776-CV, 2018 WL 11234170, at \*2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s*ee also Ree v. Royal Caribbean Cruises, Ltd.*****, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable.").**

c. If the area was not blocked off or marked off as required, explain why such measures were not taken and describe any steps that were supposed to be followed to ensure passenger safety in that situation.

**ANSWER:** **Objection. Defendant objects to this interrogatory as overbroad in time and scope, with no temporal limitation, vague and ambiguous as to "stored or placed before unpacking" and "area," seeks information and materials that involves circumstances, conditions, and locations factually dissimilar to any of Plaintiff's claims, thus is disproportional to the needs of the case, irrelevant, immaterial and not reasonably calculated to lead to the discovery of relevant or admissible evidence.** ***Drone Nerds Franchising, LLC v. Childress*****, No. 19-CV-61153, 2021 WL 7543800, at \*3 (S.D. Fla. Nov. 15, 2021) ("[A] matter is deemed to be irrelevant if it does not pertain to a claim or defense of any party in the case.");** ***Azzia v. Royal Caribbean Cruises Ltd.*****, No. 15-24776-CV, 2018 WL 11234170, at \*2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s*ee also Ree v. Royal Caribbean Cruises, Ltd.*****, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable.").**

13. Describe the actions taken by crewmembers during the unpacking process, including how the plastic material was handled and how the stack of tables and chairs was positioned and managed.

**ANSWER:**   **Undetermined at this time. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

14.   Identify and describe the deck furniture involved in the incident, including:

  a.   The specific type, model, and dimensions of the furniture, including but not limited to the tables and chairs.

  **ANSWER:**   **See attached document showing the specifications of the deck chair allegedly involved in the subject incident, attached to Defendant's Response to Request for Production.**

  b.   The number of tables and chairs that were part of the stack that fell and struck the Plaintiff.

  **ANSWER:**   **Undetermined at this time. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

  c.   The material and construction of the tables and chairs (e.g., wood, metal, plastic).

  **ANSWER:**   **See attached document showing the specifications of the deck chair allegedly involved in the subject incident, attached to Defendant's Response to Request for Production.**

15.   Describe when the deck furniture was first received, when it was placed on the deck, who was involved in its placement, and how long it remained on the deck in its position before being unpacked and striking Plaintiff and provide the name and contact information for who would have knowledge of these issues.

  **ANSWER:**   **Objection. Defendant objects to this request as overbroad in time and scope, with no temporal limitation, vague and confusing as to "when the deck furniture was first received," not limited to be relevant to the parties' claims and defenses, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1); *Azzia v. Royal Caribbean Cruises Ltd.*, No. 15-24776-CV, 2018 WL 11234170, at \*2 (S.D. Fla. May 18, 2018)("Enforcement of rules and regulations in effect for another part of the vessel are not discoverable without some reasonable connection to the factual allegations at bar."); s*ee also Ree v. Royal Caribbean Cruises, Ltd.*, 315 F.R.D. 682, 687 (S.D. Fla. 2016) ("[D]iscovery requests ... that are not adequately linked to a particular hazard, location or condition are not enforceable."); *See Nat'l Staffing Sols., Inc. v. Sanchez*, No. 6:21-CV-1590-PGB-LHP, 2022 WL 19354640, at \*9 (M.D. Fla. Sept. 12, 2022) (finding discovery request with no temporal scope as overly broad, as it provides no time limit).**

**Although the request is objectionable for the aforementioned reasons, Defendant in good faith responds with specificity as follows: See Defendant's Answer to Interrogatory No. 7 regarding who may have knowledge.**