UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

CASE NO. 1:23-CV-22067-RKA

MICHELLE TERRY,

        Plaintiff,

v.

CARNIVAL CORPORATION,

        Defendant.

_____/

## DEFENDANT, CARNIVAL CORPORATION'S NOTICE OF SERVICE OF SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant, CARNIVAL CORPORATION, by and through undersigned counsel, hereby

serves supplemental Answers to Plaintiff's Initial Interrogatories.

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, a copy of the foregoing was served via e-

mail to the recipients listed on the Service List below.

GrayRobinson, P.A.
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley Genoese*
Michael J. Drahos
Florida Bar No. 0617059
W. Cooper Jarnagin
Florida Bar No. 117767
Ashley N. Genoese
Florida Bar No. 1019357
*Michael.Drahos@Gray-Robinson.com*
*Cooper.Jarnagin@Gray-Robinson.com*
*Ashley.Genoese@Gray-Robinson.com*
*Lilia.Parker@Gray-Robinson.com*

**SERVICE LIST**
**CASE NO. 1:23-CV-22067-RKA**

Glenn J. Holzberg, Esq.
Louis M. Holzberg, Esq.
Holzberg Legal
Offices at Pinecrest II, Suite 220
7685 S.W. 104th Street
Miami, Florida 33156
Tel: (305) 668-6410
Fax: (305) 667-6161
*glenn@holzberglegal.com*
*erika@holzberglegal.com*
*louis@holzberglegal.com*

*Attorneys for Plaintiff*

## I.       PRELIMINARY STATEMENT

The party on whose behalf these Responses are given has not yet completed its investigation of the facts relating to this incident, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. Consequently, the following Responses are given without prejudice to the responding party's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be relevant.

Except for facts exclusively admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that a request herein has been answered should not be taken as an admission or concession of the existence of any fact as set forth or assumed. All responses are given on the basis of present recollection.

## DEFENDANT'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INITIAL INTERROGATORIES

2.      Describe in detail all SMS/HESS and/or rules, regulations, policies, and/or procedures in effect at the time of the incident regarding:

a.   The unpacking and setting up of furniture.

**SUPPLEMENTAL ANSWER: Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For the circumstances of this case, as limited to the unpacking and setting up of deck tables and/or deck chairs, none.**

b.   The safety measures and warnings that crewmembers are required to follow during the moving, re-locating, placing, unpacking and setting up of furniture on your ships.

**SUPPLEMENTAL ANSWER: Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For the circumstances of this case, as limited to safety measures and warnings that crewmembers are required to follow during the moving, re-locating, placing, unpacking and setting up of deck tables and/or deck chairs on Carnival vessels, none.**

c.   The training provided to crewmembers concerning moving, re-locating, placing, unpacking and setting up of furniture on your ships.

**SUPPLEMENTAL ANSWER: Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For the circumstances of this case, as limited to training provided to crewmembers concerning moving, re-locating, placing, unpacking and setting up of deck tables and/or deck chairs on Carnival vessels, none.**

d.   The safety equipment, aids, or other resources provided to crewmembers moving, re-locating, placing, unpacking and setting up furniture on your ships.

**SUPPLEMENTAL ANSWER: Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For the circumstances of this case, as limited to devices used to assist with the unpacking process including carts, trolleys, provided to crewmembers moving, re-locating, placing, unpacking and setting up deck tables and/or deck chairs on Carnival vessels, none.**

e.   Any risk assessments or evaluations conducted regarding moving, re-locating, placing, unpacking and setting up of furniture on your ships.

**SUPPLEMENTAL ANSWER: Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For the circumstances of this case, as limited to risk assessments or evaluations conducted regarding moving, re-locating, placing, unpacking and setting up of deck tables and/or deck chairs on Carnival vessels, none.**

4.      List each "substantially similar incident" (as defined) that occurred on other fleet vessels within the five (5) years before and one (1) year after the date of the incident. For each incident, provide the date, location, a description of the facts and circumstances, the name and address of the person making the complaint, and how this information is stored and maintained by the Defendant.

**SUPPLEMENTAL ANSWER:   Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For the circumstances of this case, as limited to "substantially similar incident" (as defined) that occurred in open deck areas, for 3 years prior to the date of the subject incident, excluding the Covid No Sail Order time period: none.**

5.      At the time of the incident, was the Defendant aware of other substantially similar incidents involving passenger injuries during an "unpacking process"? If so, describe the corrective actions taken to prevent future incidents and any warnings provided to passengers after the Defendant became aware of such incidents.

**SUPPLEMENTAL ANSWER:   Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For the circumstances of this case, as limited to "substantially similar incident" (as defined) that occurred in open deck areas of vessels fleetwide, for 3 years prior to the date of the subject incident, excluding the Covid No Sail Order time period: none.**

6.      Were any warnings or announcements (verbal, written, or otherwise) made to passengers in the subject area prior to, during, or after the process of unpacking and setting up the furniture (the unpacking process) which struck Plaintiff? If so, describe the nature and content of these warnings or announcements.

**SUPPLEMENTAL ANSWER:   Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. For the circumstances of this case, as limited to the day of the subject incident, none.**

7.      List the names, addresses, employers, and telephone numbers of all persons who are believed or known by you, your agents, or attorneys to have any knowledge concerning the issues raised in the pleadings. This includes the names, addresses, and contact information of all crewmembers involved in the unpacking process of the tables and chairs on or about June 5, 2023.

**SUPPLEMENTAL ANSWER:** Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows.

> **Venkatesan Ranagappa, Hotel Steward**
> **Currently onboard Carnival *Horizon*, scheduled to sign off on 9/7/24.**
> **c/o Carnival Corporation**
> **3655 NW 87th Avenue**
> **Miami, FL 33178**

**Mr. Ranagappa was present in the area at the time of the alleged incident, and may have knowledge regarding the alleged incident.**

**Defendant maintains its objection to providing personal contact information for its crewmembers. Their depositions may be scheduled at a mutually convenient date and time.**

**Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

10. State whether Defendant conducted any investigations into the allegations made by Plaintiff and, if so, what investigations were conducted, the date of such investigations, by whom, and what reports were generated as a result of the investigations, the present custodian(s) of those reports, and if you are claiming a privilege to producing any of those reports, please comply with the Rules of Civil Procedure and provide the information required in a detailed privilege log.

**SUPPLEMENTAL ANSWER:** Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. Defendant conducted an investigation of the subject incident. Defendant is in possession of an 8-page accident report and a 1-page investigation report prepared on or about June 5, 2023, by Carnival ACSO Jakelyn Salvador. Defendant is in possession of two written statements authored by David Budi Raharjo and Rangappa Venkatesan. Defendant is in possession of approximately nine (9) photographs taken during the investigation of this incident depicting the scene of the subject incident after the alleged incident and approximately two (2) the cart used to transport the subject deck chairs. Defendant is in possession of body camera video footage, 16 minutes and 59 seconds long, taken by Carnival Security Officer Mark Harold Orje during his investigation of this incident, depicting Plaintiff providing a statement in the Medical Center. Defendant objects to the disclosure of information and production of these materials as protected by the work product doctrine. *See Berry v. Haynes*, 41. F.R.D. 243, 244 (S.D. Fla. 1966); *Wood v. Todd Shipyards*, 45 F.R.D. 363, 264 (S.D. Tex. 1968); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). See also Defendant's Privilege Log.

12. Describe the measures taken to control access to the area where the subject deck furniture were stored and unpacked. Specifically:

    a. Were there any warning signs, caution signs, or cones in place where the subject deck furniture was stored or placed before unpacking, and was the area in which the deck furniture was unpacked blocked off or marked off from passenger access? If so, provide details (including any photos or images) about how it was blocked or marked off, including any physical barriers, signs, or other indications used.

    **SUPPLEMENTAL ANSWER:** **Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. As limited in scope and time to the subject voyage, no.**

    b. Was there a requirement or policy in effect at the time of the incident that required such areas to be restricted from passenger use or traffic or to be clearly marked and restricted? If so, describe the specific requirements or policies and how they were implemented.

    **SUPPLEMENTAL ANSWER:** **Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. As limited in scope and time to the subject voyage, no.**

    c. If the area was not blocked off or marked off as required, explain why such measures were not taken and describe any steps that were supposed to be followed to ensure passenger safety in that situation.

    **SUPPLEMENTAL ANSWER:** **Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. As limited in scope and time to the subject voyage, there were no requirements or policy in effect at the time of the subject incident for measures to be taken.**

13. Describe the actions taken by crewmembers during the unpacking process, including how the plastic material was handled and how the stack of tables and chairs was positioned and managed.

    **SUPPLEMENTAL ANSWER:** **Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. Upon information and belief, as to the unpacking process for the subject incident, two crewmembers transported a stack of deck chairs (approximately 6 chairs total) on a trolley wrapped in plastic wrap up to the smoking area of Deck 11. The chairs were stacked one on top of the other. Upon information and belief, there were no deck tables being transported on the trolley. Upon arriving to the area, the plastic was separated by a crewmember using his hands. The crewmember began unloading the deck chairs from the trolley to the floor. At the time of the alleged**

**incident, upon information and belief, there was either one (1) or two (2) deck chairs remaining on the trolley. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.**

14. Identify and describe the deck furniture involved in the incident, including:

   b. The number of tables and chairs that were part of the stack that fell and struck the Plaintiff.

   **SUPPLEMENTAL ANSWER:** Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. Upon information and belief, at the time of the subject incident, there was either one (1) or two (2) deck chairs remaining on the trolley. Upon information and belief, there were no deck tables involved in the stack. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.

15. Describe when the deck furniture was first received, when it was placed on the deck, who was involved in its placement, and how long it remained on the deck in its position before being unpacked and striking Plaintiff and provide the name and contact information for who would have knowledge of these issues.

   **SUPPLEMENTAL ANSWER:** Pursuant to the agreements made during the parties' Rule 7.1 discovery conference, Defendant supplements this response as follows. Carnival does not keep this information readily available however, has performed a search in an attempt to provide a better response, and was able to obtain the following information. As of May 2023, there were 66 sitting smoking area chairs onboard the *Elation*, to be used on Deck 11, none reported as damaged. There is no additional information as to the date the subject chairs were purchased, or when they first were used onboard the *Elation*. Discovery is ongoing and Defendant preserves the right to amend and supplement its response.