**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-22067-ALTMAN/Lett**

**MICHELLE TERRY**,

      Plaintiff,

v.

**CARNIVAL CORPORATION**,

      Defendant.

_____/

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, hereby moves for summary judgment in its favor on Counts II and III within Plaintiff's Second Amended Complaint [ECF No. 20], and states as follows:

### I.   INTRODUCTION

Cruise ship passenger Ms. Michelle Terry ("Plaintiff") claims she was injured after a chair fell from a trolley and contacted her. She alleges Carnival was negligent (1) vicariously through the alleged negligent actions of its crewmembers; (2) directly through negligent maintenance; and (3) directly for failing to warn passengers of the furniture unloading process.

This Court should grant summary judgment on Plaintiff's direct liability theories against Carnival – Counts II and III. There is no evidence Carnival, directly as the shipowner, had any notice that its process of unloading deck furniture was a risk-creating condition with regards to its passengers. As such, Plaintiff cannot prove Carnival owed her a duty under Counts II and III, and this case should proceed solely under vicarious liability.

## II.    PROCEDURAL BACKGROUND

On May 30, 2024, Plaintiff filed an initial Complaint [ECF No. 1]. On August 6, 2024, Defendant filed a Motion to Dismiss [ECF No. 5]. On August 20, 2024, Plaintiff filed an Amended Complaint [ECF No. 16] and this Court denied as moot Defendant's Motion to Dismiss [ECF No. 17]. On August 23, 2024, this Court struck Plaintiff's Amended Complaint as a shotgun pleading [ECF No. 19]. On August 30, 2024, Plaintiff filed the operative Second Amended Complaint [ECF No. 20]. On September 12, 2024, Defendant filed a Motion to Dismiss the Second Amended Complaint, specifically directed at Counts IV and V [ECF No. 23].

On October 2, 2024, the Court dismissed with prejudice Counts IV and V of the Second Amended Complaint [ECF No. 31]. On October 16, 2024, Defendant filed its Answer and Affirmative Defenses to the Second Amended Complaint for Counts I, II, and III [ECF No. 32].

## III.    LEGAL STANDARDS

### a.    Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted). "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted). Speculation cannot create a genuine issue of material fact sufficient to defeat a well-supported motion for summary judgment. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, a court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to present evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); Fed. R. Civ. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citation omitted). But if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

    b.    <u>General Maritime Law Applies</u>

Claims arising from alleged tort actions aboard ships sailing in navigable waters are governed by general maritime law. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989). Under maritime law, a shipowner has a duty to exercise reasonable care to those aboard the vessel who are not members of the crew. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959). However, a shipowner "is not liable to passengers as an insurer, but only for its negligence." *Keefe*, 867 F.2d at 1322.

To prove negligence, a plaintiff must show: (1) that the defendant had a duty to protect the plaintiff from a particular injury, (2) that the defendant breached the duty, (3) that the breach was the actual and proximate cause of the plaintiff's injury, and (4) that the plaintiff suffered damages.

*See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). "The failure to show sufficient evidence of each element is fatal to a plaintiff's negligence cause of action." *Taiariol v. MSC Crociere, S.A.*, 2016 WL 1428942, at *3 (S.D. Fla. Apr. 12, 2016) (citing *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) ("Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of [the] complaint in making a sufficient showing on each element for the purposes of defeating summary judgment.")).

## IV.  ARGUMENT

Plaintiff brings two counts for negligence against Carnival titled: (1) negligent maintenance (ECF No. 20, pg. 6, ¶¶ 33 – 42); and (2) negligent failure to warn (*Id*. at pg. 9, ¶¶ 43 – 51). In the negligent maintenance claim, Plaintiff alleges Carnival "failed to control and equip the subject area," failed to unload furniture outside the presence of passengers, failed to provide sufficient crew members for the unpacking process, and failed to inspect and monitor this process. *Id*. ¶¶ 35(a) – (e). In the failure to warn claim, she alleges Carnival failed to warn her of the unpacking process and failed to advise her of an alternative smoking area. *Id*. at ¶¶ 45(a) – (c).

Carnival is entitled to summary judgment on Counts II and III because there is no evidence that Carnival knew or should have known that the furniture unpacking process posed a risk to its passengers. These counts are made against Carnival directly as the shipowner. Maritime carriers owe a duty of "ordinary reasonable care under the circumstances" to its passengers. *Keefe*, 867 F.2d at 1322. Under this standard, plaintiffs must show, "as a prerequisite to imposing liability, that the carrier ... had actual or constructive notice of the risk-creating condition, at least where ... the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Id*.; *see also Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1286 (11th Cir. 2015) ("[T]he

maritime standard of reasonable care usually requires that the cruise ship operator have actual or constructive knowledge of the risk-creating condition.").

Put simply, the carrier's liability "hinges on whether it knew or should have known about the" allegedly dangerous condition. *Keefe*, 867 F.2d at 1322; *see also Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020) ("[A] cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it."). Plaintiffs can show constructive notice in two ways. "First, a plaintiff can establish constructive notice by showing that a 'defective condition existed for a sufficient period of time to invite corrective measures.' Second, a plaintiff can show evidence of 'substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident.'" *Tesoriero*, 965 F.3d at 1178–79 (quoting *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019)). Further, "[k]nowledge that the condition exists is not sufficient, the defendant must also know that the condition is dangerous." *Malley v. Royal Caribbean Cruises, Ltd.*, 713 Fed.Appx. 905, 908 (11th Cir. 2017) (citing *Chaparro*, 693 F.3d at 1337).

At the summary judgment stage, Plaintiff has not come forward with any evidence that Carnival knew or should have known its process of unloading chairs from a trolley posed a risk to its passengers.[1] There is no evidence in the record that this method was ever a safety concern. Further, there have been no prior incidents involving passengers being struck by furniture while it

---

[1] The negligence theories in Counts II and III require that Plaintiff produce evidence of Carnival's actual or constructive notice of a risk-creating condition. *See Tesoriero*, 965 F.3d at 1178 -80 (requiring notice on failure to inspect, maintain, and warn claims); *Horne v. Carnival Corp.*, 741 Fed.Appx. at 609, 610 (11th Cir. 2018) ("In order for [plaintiff] to succeed on his failure to maintain claim, he must show that Carnival had actual or constructive notice that the door was in a dangerous condition.").

is being unloaded across Carnival's fleet of vessels for the five-year period preceding Plaintiff's incident. SOF ¶ 8.[2]

This lack of evidence regarding Carnival's notice means Plaintiff cannot prove Carnival owed her a duty related to her incident. *Keefe*, 867 F.2d at 1322; *Sutton v. Royal Caribbean Cruises Ltd.*, 774 Fed.Appx 508, 511 (11th Cir. 2019) (affirming summary judgment where plaintiff identified no prior incidents, accident reports, passenger reviews or complaints, or any other documents evidencing any actual or potential safety issues involving lighting machine); *Cohen v. Carnival Corp.*, 945 F.Supp.2d. 1351, 1355 (S.D. Fla. 2013) (finding no evidence of notice where plaintiff cannot offer "any accident reports, passenger comment reviews or forms, or reports from safety inspections."). Summary Judgment is therefore warranted on Count II and III of Plaintiff's Second Amended Complaint.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court enter summary judgment in Carnival's favor on Counts II and III within Plaintiff's Second Amended Complaint [ECF No. 20], and for any further relief this Courts deems just and proper. Dated: March 12, 2025

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Walter Cooper Jarnagin*
    Michael J. Drahos
    Florida Bar No. 0617059
    michael.drahos@gray-robinson.com
    W. Cooper Jarnagin

---

[2] SOF refers to Defendant's Statement of Material Facts in Support of its Motion for Partial Summary Judgment, being filed contemporaneously hereto.

Florida Bar No. 117767
cooper.jarnagin@gray-robinson.com
Ashley Genoese
Florida Bar No. 1019357
ashley.genoese@gray-robinson.com