UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-22067-ALTMAN/Lett

**MICHELLE TERRY**,

    *Plaintiff*,

v.

**CARNIVAL CORPORATION**,

    *Defendant*.

_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Our Plaintiff "was a fare-paying passenger who boarded the Carnival *Elation* vessel with her daughter in Jacksonville, Florida for a vacation cruise on June 3, 2023." Defendant's Statement of Material Facts ("Def's SOMF") [ECF No. 45] at ¶ 1.[1] On June 5, 2023, "two Carnival crewmembers were transferring chairs from the port outside the ship up to the Deck 11 smoking area," where the Plaintiff was "enjoy[ing] a cigarette." *Id.* ¶¶ 3–4. "The chairs were stacked on a trolley and secured by plastic wrap," but "[s]ome time thereafter, Plaintiff was contacted with a chair that fell from the trolley." *Id.* ¶¶ 5–7. The Plaintiff sued the Defendant, Carnival Corporation, asserting five counts of vicarious liability and negligence. *See* Second Amended Complaint ("SAC") [ECF No. 20] ¶¶ 25–68. Carnival now moves for partial summary judgment as to Counts II and III of the SAC. *See* Motion for Partial Summary Judgment ("MSJ") [ECF No. 46]. After careful review, we **DENY** Carnival's MSJ.

### THE LAW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Facts

---

[1] "[F]or summary judgment purposes," we describe the facts "in the light most favorable to the non-movant." *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002).

are "material" if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And an issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ibid.*

## ANALYSIS

Carnival seeks partial summary judgment as to Counts II and III of the SAC. *See* MSJ at 1. Those counts allege two theories of negligence against Carnival—negligent maintenance and a negligent failure to warn. *See* SAC ¶¶ 33–51 (alleging that Carnival failed "to control and equip the subject area in a reasonably safe condition" and that it failed to "adequately warn the Plaintiff . . . of the performance of the . . . unpacking process in the area"). Carnival argues that both claims fail at summary judgment because the Plaintiff "has not come forward with any evidence that Carnival knew or should have known its process of unloading chairs from a trolley posed a risk to its passengers." MSJ at 5. We disagree.

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters, and we rely on general principles of negligence law in analyzing those actions." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) (cleaned up). "To plead negligence in a maritime case, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1253 (11th Cir. 2014) (cleaned up). "With respect to the duty element in a maritime context, a shipowner owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew"—a standard that "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of a risk-creating condition." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (cleaned up).

Carnival maintains that "[t]here is no evidence in the record" that its chair-unloading process "was ever a safety concern" and insists that "[t]his lack of evidence regarding Carnival's notice means Plaintiff cannot prove Carnival owed her a duty related to her incident." MSJ at 5–6. But "[e]vidence that a ship owner has taken corrective action can establish notice of a dangerous or defective condition." *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1265 (11th Cir. 2020). And that's precisely the kind of evidence the Plaintiff has adduced here—testimony from a Carnival employee establishing that "[t]here was a plastic that wraps around the chairs and the tables **so they don't fall out**." Plaintiff's Response to MSJ (the "Response") [ECF No. 54] at 8 (quoting Deposition of David Budi Raharjo ("Raharjo Dep. Tr.") [ECF No. 45-3] at 22:12-16). According to the Defendant's own witness, in other words, "the chairs were stacked on a trolley and **secured** by plastic wrap . . . [as] a corrective measure to prevent the chairs from falling over." *Ibid.*

Because a reasonable jury could find that Carnival had at least constructive notice of the dangers posed by stacking chairs,[2] we **DENY** Carnival's MSJ.

## CONCLUSION

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. Carnival's Motion for Partial Summary Judgment [ECF No. 46] is **DENIED**.
2. A new trial order, setting future deadlines, is forthcoming.

---

[2] The Plaintiff offers *other* means for imputing constructive notice. *See, e.g.*, Response at 10 ("This is not the first time Carnival . . . has had an incident occur when its crewmembers were transporting equipment by trolley causing injuries to a passenger."). Plus, the Plaintiff contends that Carnival had *actual* notice that stacking chairs risked injuring passengers. *See id.* at 7 ("[A]n untrained crewmember . . . was tasked to move a dangerous stack of chairs that he had never been instructed on how to safely move."). Because the Plaintiff's corrective-measure evidence is sufficient (standing alone) to withstand Carnival's MSJ, we needn't reach those other arguments.

3

**DONE AND ORDERED** in the Southern District of Florida on October 17, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record