**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-22067-ALTMAN/Lett**

**MICHELLE TERRY**,

      Plaintiff,

v.

**CARNIVAL CORPORATION**,

      Defendant.

_____/

**DEFENDANT'S MOTION TO STRIKE AND/OR PRECLUDE PLAINTIFF'S**
**UNTIMELY AND IMPROPERLY DISCLOSED WITNESS FROM TRIAL**

Defendant, CARNIVAL CORPORATION ("Carnival"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26 and 37, hereby files this Motion to Strike and/or Preclude Plaintiff's Untimely and Improperly Disclosed Witness From Trial, and states as follows:

**BACKGROUND**

1.      Pursuant to this Court's Order Setting Trial [D.E. 15], the expert witness disclosure deadline was January 21, 2025, and the rebuttal expert witness disclosure deadline was February 4, 2025. All discovery, including expert discovery, was to be completed by February 18, 2025. [D.E. 15].

2.      On Friday, January 23, 2026, Plaintiff served a copy of her proposed Witness List, listing seventeen (17) witnesses including Darren Buono, MD, listing "Radiologist – Damages" as the "subject and brief description of testimony."

3.      It is undisputed that Dr. Buono was not listed as an expert witness for Plaintiff nor a rebuttal witness pursuant to FRCP 26(a)(2)(B). Plaintiff otherwise did not disclose any "non-

1

retained experts" pursuant to FRCP 26(a)(2)(C). Further, Dr. Buono was never disclosed in any capacity, in any of Plaintiff's initial disclosures or Answers to Interrogatories throughout the entirety of discovery in this matter.

4. On January 23, 2026, the parties attended a pre-trial meeting where Trial Witness Lists were discussed and it was disclosed for the first time that Plaintiff intends to have Dr. Buono appear as a witness for trial, despite not being disclosed as a witness at any time during discovery.

5. Defendant is prejudiced by the disclosure of Dr. Buono on the eve of trial as all discovery has been closed for nearly one (1) year, and Defendant has been precluded from taking the deposition of Dr. Buono and from retaining a potential rebuttal expert to respond to whatever purported testimony Dr. Buono intends to offer at trial.

6. Thus, Defendant seeks to strike Dr. Darren Buono as a witness from trial and further preclude any of Dr. Buono's testimony or opinions.

### MEMORANDUM OF LAW

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires parties to make initial disclosures to each other early in the proceedings. *Jean-Baptiste v. City of Miami*, No. 1:23-CV-22670-MD, 2025 WL 360817, at *2 (S.D. Fla. Jan. 3, 2025) (citing FRCP 26). One of the mandatory disclosures is the name and contact information of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." *Id.* " 'Use' includes any use at a pretrial conference, to support a motion, or at trial." *Id* (quoting *Higgs v. Costa Crociere S.P.A. Co.*, No. 15-60280-CIV, 2019 WL 8370792, at *10 (S.D. Fla. 2019)), *aff'd*, 969 F.3d 1295, 1305 (11th Cir. 2020). The disclosure obligation attaches both to witnesses

that a party intends to use and witnesses that the party intends to use if "the need arises." *Jean-Baptiste*, 2025 WL 360817, at *2.

"Violations of Rule 26 disclosures are subject to harsh sanctions." *Jean-Baptiste*, 2025 WL 360817, at *2 (quoting *Clingman & Hanger Mgmt. Assocs., LLC v. Knobel*, No. 16-62028-CIV, 2018 WL 2694594, at *2 (S.D. Fla. Apr. 19, 2018), *report and recommendation adopted*, 2018 WL 2688759 (S.D. Fla. May 8, 2018)). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Jean-Baptiste*, 2025 WL 360817, at *2; *see also Simmons v. Ford Motor Co.*, No. 18-CV-81558, 2021 WL 6062633, at *2 ("it is worth noting that Rule 26(a)(2) does not state it applies *only* to expert witnesses intended to be used at trial or that an expert must be used at trial to trigger the Rule's disclosure requirements); Fed. R. Civ. P. 37(c)(1). "The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Id.* (*quoting Brown v. NCL (Bahamas) Ltd.*, 190 F. Supp. 3d 1136, 1140 (S.D. Fla. 2016)).

"The rule's purpose is to safeguard against surprise." *Mirage Yacht, Inc. v. 2013 63' Marquis Yachts recreational vessel*, No. 24-21095-CIV, 2025 WL 1638057, at *4 (S.D. Fla. June 10, 2025)("Courts routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense.")(citations omitted). Factors relevant to the determination of whether a failure to disclose is substantially justified or harmless under Rule 37(c)(1) are: "(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party

3

if the witness had been allowed to testify." *Simmons*, 2021 WL 6062633, at *2 (*citing Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004)).

A district court enjoys "broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless." *King v. Akima Glob. Servs., LLC*, 323 F.R.D. 403, 410 (S.D. Fla. 2017). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Simmons*, 2021 WL 6062633, at *2 (*citing Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009)). "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (citation omitted); *Larach v. Standard Chartered Bank Int'l (Americas) Ltd.*, No. 09-21178-CIV, 2011 WL 13173550, at *2 (S.D. Fla. May 25, 2011)("Plaintiffs' late disclosure will prejudice the Defendants. Indeed, by failing to disclose an expert witness in their discovery response or by the cutoff date, Plaintiffs permitted Defendants to reasonably believe that Plaintiffs would not utilize expert witness testimony.").

## LEGAL ARGUMENT

Throughout the entirety of discovery in this matter, Plaintiff failed to disclose Dr. Buono in any respect, including as a witness or individual likely to have discoverable information. (See Plaintiff's Rule 26 Disclosure email, Answers to Interrogatories, and untimely Amended Rule 26 Disclosures, attached hereto **Composite Exhibit A**). Specifically, Plaintiff served Rule 26 Initial Disclosures on August 30, 2024 in the form of producing seven (7) documents only with no written disclosures. (See **Comp. Ex. A**). On October 16, 2024, Plaintiff served Answers to Interrogatories in response to Defendant's propounded discovery. (See **Comp. Ex. A**). Even after discovery had been closed for over 7 months, Plaintiff untimely served Amended Rule 26 Initial Disclosures on

October 3, 2025, listing over 13 "witness disclosures," and _still_ did not disclose Dr. Buono. (See **Comp. Ex. A**). It was only during the parties' Pre-Trial Conference on January 23, 2026 that Plaintiff first revealed that she was intending to offer the testimony and opinion of Dr. Buono at trial. _Jean-Baptiste,_ 2025 WL 360817, at *3 ("The disclosure of new individuals under Rule 26(a)(1)(A)(i) after the discovery cutoff date is _per se_ untimely because the opponent has been deprived of the opportunity to depose the individuals and develop other evidence to rebut their assertions"); _see Clingman_, 2018 WL 2694594, at *2 (holding that the addition of three fact witnesses to initial disclosures on December 22, 2017 was untimely given that the discovery cutoff date was January 3, 2018). Exclusion of Dr. Buono is automatic and mandatory unless Plaintiff can show that the violation of Rule 26 was either justified or harmless. _Jean-Baptiste,_ 2025 WL 360817, at *2.

Plaintiff's failure to disclose Dr. Buono is not justified. Plaintiff has not provided any reasoning as to why Dr. Buono was never disclosed as any type of witness or as an individual with knowledge pursuant to Rule 26, during any portion of the discovery period, or at any time prior to the parties' Pre-Trial Conference.

Plaintiff's failure to disclose Dr. Buono is not harmless. Specifically, Defendant will be prejudiced should Dr. Buono be permitted to testify and offer opinions at trial, as Defendant had no fair notice that Plaintiff might use him as a witness and no ability to depose Dr. Buono or develop record evidence to rebut any of his assertions. _Baxter v. Roberts_, 54 F.4th 1241, 1255 (11th Cir. 2022) (affirming exclusion of witness statement of non-disclosed potential witness); _see also_, _R.M.R. ex rel. P.A.L. v. Muscogee Cnty. Sch. Dist._, 165 F.3d 812, 813, 818–19 (11th Cir. 1999) (affirming exclusion of "last-minute witness" at trial where allowing witness to testify would have resulted in "extreme prejudice"). As disclosed presently, Defendant still cannot determine

5

what if anything radiologist Dr. Buono intends to be a witness for aside from "damages." Notably, this all comes nearly one (1) year after discovery has been closed, and any disclosure is *per se* untimely. *Clingman*, 2018 WL 2694594, at *2. Therefore, Dr. Buono should be excluded as a witness at trial and Plaintiff should be precluded from introducing any testimony or opinions of Dr. Buono as untimely and not properly disclosed pursuant to the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, CARNIVAL CORPORATION, respectfully requests that this Court enter an order striking and/or precluding Dr. Darren Buono from offering testimony or opinion as a witness at trial and for any further relief this Court deems just and proper.

## Local Rule 7.1 Certification

I hereby certify counsel for the movant has conferred with Plaintiff's counsel during the parties' Pre-Trial Conference on January 23, 2026 regarding the relief sought, and Plaintiff opposes the motion.

Respectfully submitted,

GrayRobinson, P.A.
515 North Flagler Drive, Ste. 650
West Palm Beach, Florida 33401
Tel: (561) 268-5727
Fax: (561) 268-5747

By: */s/ Ashley N. Genoese*
Michael J. Drahos
Florida Bar No. 0617059
michael.drahos@gray-robinson.com
W. Cooper Jarnagin
Florida Bar No. 117767
cooper.jarnagin@gray-robinson.com
Ashley Genoese
Florida Bar No. 1019357
ashley.genoese@gray-robinson.com

*Attorneys for Defendant*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

*/s/ Ashley N. Genoese*

**SERVICE LIST**
**CASE NO. 24-CV-22067-ALTMAN/Lett**

Frank Fratello, Jr., Esq.
Neil Gornto, Esq.
FARAH & FARAH
10 West Adams Street
Jacksonville, FL 32202
(904) 425-7306
*ffratello@farahandfarah.com*
*cdavis@farahandfarah.com*
*ngornto@farahandfarah.com*
*tedwards@farahandfarah.com*

H. K. Skip Pita, Esq.
Pita Weber Del Prado
9350 South Dixie Highway, Ste 1200
Miami, FL 33156
Tel: (305)670-2889
Fax: (305)670-6666
*spita@pwdlawfirm.com*
*tgonzalez@pwdlawfirm.om*

*Attorneys for Plaintiff*

7