UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-22067-ALTMAN/Sanchez

MICHELLE TERRY,

     Plaintiff,

v.

CARNIVAL CORPORATION,

     Defendant.

_____/

### PLAINTIFF'S MOTION FOR REHEARING,  TO REOPEN DISCOVERY, AND COMBINED MEMORANDUM OF LAW

Under Rule 60(b) and all other applicable law, Plaintiff Terry files this Motion for Rehearing and to Reopen Discovery and Combined Memorandum of Law and respectfully show the Court as follows:

1.     On February 5, 2026, this Court entered an Order granting Defendant's Motion in Limine to preclude evidence of counselor therapy sessions by Plaintiff's successor pain management specialist Dr. Eady, as well as evidence of drug trials and the anticipated implantation of a fentanyl delivery device. (ECF 77).  The Court's Order also granted Defendant's Motion to Strike Plaintiff's radiologist Dr. Buono as a witness. (ECF 94)

2.      While acknowledging the "importance" of the excluded therapy and treatment evidence to the presentation of Plaintiff's case, the Court nevertheless concluded that "the prejudice to the Defendant would be enormous, having an entirely new expert whom they couldn't depose or as to whom they could not propound discovery, and an entirely new set of treatments that resulted in hundreds of thousands of dollars of extra damages." (Plaintiff's Exhibit A, Transcript of 2/03/26 Status Conference, p.12, lines 12-21).

3.      Similarly, the Court excluded Dr. Buono as a witness because the Court concluded that the Defendant had been deprived of "any meaningful opportunity to properly prepare a counter-response or to propound appropriate discovery as to Dr. Buono or third parties dealing with Dr. Buono, all things no doubt Defendant would have done. " (Exhibit A, p. 9, lines 2-6).

4.      At the time that the Court rendered its decision, less than one week remained before the scheduled start of the trial period (February 9, 2026). (ECF 73). Subsequently, the Court sua sponte changed the trial period to commence on March 9. Then, in its most recent communication with counsel, the Court has advised that it anticipates commencement of the trial period to begin on May 21. And, indeed, the Court – on February 24 -- issued an Order confirming that the action has been reset for trial in May 2026 (DE 113)

Consequently, there is now an extended period of almost three months before the trial period commences and undermines the 'lack of discovery opportunity' reasoning as the basis for granting Defendant's motions.

5.      Federal Rule 60(b) provides that "on motion and just terms the court may relieve a party from an order for [certain enumerated reasons] or (6) any other reason that justifies relief."

6.      While acknowledging that "exceptional circumstances" are required to be shown in order for a party to invoke relief under Rule 60(b)(6), the 11th Circuit, nevertheless, has instructed that the rule "should be construed to do substantial justice" and has described the clause as "a broadly drafted umbrella provision which has been described as 'a grand reservoir of equitable power' [to enable a court] to do justice in a particular case." *Griffin v. Swim-Tech Corporation,* 722 F.2d 677, 680 (11th Cir. 1984).  See also: *Klapprott v. United States,* 335 U.S. 601, 615, 69 S.Ct. 384, 390 (1949) (stating that Rule 60(b) "vests the district courts with the power to take such action as is appropriate to accomplish justice in a given case.").

7.      Here, the sudden and unexpected change in trial schedule - creating a three-month discovery window - coupled with the crippling effects that the Court's exclusionary Order has dealt to the Plaintiff's case constitute "exceptional circumstances" warranting reconsideration by the Court of its prior Order. (ECH 111).

8.      District courts are entitled to broad discretion in managing pre-trial discovery matters (*Perez v. Miami-Dade County,* 297 F.3d 1255, 1263 (11th Cir. 2022) and this Court has authority to grant a *post hoc* extension of a discovery deadline for good cause shown. *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1307 (11th Cir. 2011). Indeed, this Court's own previously expressed opinion favors extension of discovery parameters to meet the needs of the parties, as reflected in this excerpt from the Court's most recent status conference suggesting/ inviting the following dialog would be welcomed:

> You know that I have you all in every month for these palooza hearings. "Let me come into your next palooza hearing, let me ask you for 30 more days of extra discovery," which I would always grant, so that they can propound their own discovery and their own questions of new witnesses and your new damages model, and hire their new expert.

Plaintiff's Exhibit A, p.13, lines 6-12.

9.      The Court's proposed dialogue precisely expresses the type of relief that Plaintiff now seeks in her Motion for Rehearing and to Reopen Discovery.  Thirty days should be sufficient for Defendant to engage in any discovery on these matters. Plaintiff has produced the records, bills and expert reports associated with these issues.  Scheduling any depositions should be fairly easy and straightforward.

10.      Good cause exists for the Court to entertain Plaintiff's request for rehearing and to reopen discovery because the interests of justice are best served when all parties have an equal playing field.  The Court's exclusionary Order (ECF

111) - predicated upon Defendant's lack of pre-trial discovery opportunity - went to the heart of Plaintiff's case and crippled the Plaintiff's ability to make a full and complete presentation of the Plaintiff's cause. The Court's ruling was understandable at the time that it was rendered, with the trial period to begin only mere days away. But that circumstance of immediacy no longer exists. The Court's unanticipated rescheduling of trial has now opened an approximate three-month extended period during which ample discovery can be accomplished. Plaintiff's Motion for Rehearing and to Reopen Discovery is merely asking the Court to dip into its "grand reservoir of equitable power" and restore equality to the playing field.

11. There is no prejudice to the Defendant if the Court grants Plaintiff's Motion because Defendant's arguments based on lack of knowledge and lack of pre-trial opportunity are now mooted.

12. The "fact finders" can render a full and fair verdict in this case only when they have been allowed full and fair consideration of all evidence relevant to all of the issues raised in the cause. This applies with especial significance in regard to the damages suffered by the Plaintiff. The Court's rescheduling of the trial period has presented the Court with the opportunity to see that justice is done, that the parties enter the courtroom on an equal playing field; and that the fact finders are presented with full evidence on all of the issues in the case.

WHEREFORE Plaintiff respectfully requests that the Court grant this Motion for Rehearing and to Reopen Discovery; vacate in part its Order (ECF 111) granting Defendant's Motion in Limine (ECF 77) and Motion to Strike (ECF 94), providing that these Motions are denied, and further providing that the parties may engage in such discovery as they may deem appropriate during the next three month period (or whatever lesser period the Court may prescribe), and further schedule times for filing of Amended Witness Lists (if any), for designation of deposition transcripts for use at trial (if any, and such other matters as the Court may deem appropriate.

### Certification pursuant to S.D. Local Rule 7.1(a)(3)

Counsel for the movant has made reasonable efforts to confer with Defendant counsel since Defendant may be affected by the relief sought in the above motion in a good faith effort to resolve the issues raised in the motion but has been unable to do so.  These efforts have included email on February 26 and two texts on that same day.

FARAH & FARAH
Frank Fratello, Jr.
Florida Bar No.:  046100
Neil Gornto, Esq.
Florida Bar No.:  20916
10 West Adams Street
Jacksonville, FL  32202
(904) 425-7306
ffratello@farahandfarah.com
cdavis@farahandfarah.com
ngornto@farahandfarah.com

and

PITA WEBER DEL PRADO

6

*/s/  H. K. Skip Pita*
H.K. SKIP PITA, ESQ
FBN:  101974
PITA WEBER DEL PRADO
9350 S. Dixie Highway, Suite 1200
Miami, FL  33156
305-670-2889
spita@pwdlawfirm.com
tgonzalez@pwdlawfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I CERTIFY that on the 2nd day of March, 2026, the foregoing was filed electronically with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: */s/ H.K. SKIP PITA*
     H.K. Skip Pita, Esq.
     FBN 0101974

## SERVICE LIST

**MICHAEL J. DRAHOS, ESQ.**
Florida Bar No. 0617059
michael.drahos@gray-robinson.com
**W. COOPER JARNAGIN, ESQ**
Florida Bar No. 117767
cooper.jarnagin@gray-robinson.com
**ASHLEY GENOESE, ESQ.**
Florida Bar No. 1019357
ashley.genoese@gray-robinson.com
**GRAYROBINSON, P.A.**
515 North Flagler Drive, Suite 650
West Palm Beach, Florida 33401
Telephone: (561) 268-5727
Facsimile: (561) 268-5745

*Attorneys for Defendant*